■ ALEX E. FIGUEROA et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [624 NYS2d 260] —In an action to recover damages for personal injuries and wrongful death, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Jackson, J.), dated October 16, 1991, which dismissed the wrongful death cause of action, (2) so much of an order of the same court dated December 6, 1991, which granted the defendant's motion for judgment notwithstanding the verdict, and (3) a judgment of the same court entered January 24, 1992, which is in favor of the defendant, dismissing the complaint.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On July 4, 1985, at approximately 3:30 A.M., Luz Figueroa was found by personnel of the New York City Transit Authority (hereinafter the Transit Authority) on the roadbed of the train track near the platform of an elevated subway station. She was holding her infant son, Alex. At the request of Transit Authority personnel, she left the roadbed and ascended to the platform. A transit police officer arrived and questioned Mrs. Figueroa, whom the officer testified appeared rational. After ascertaining that she was allright, that she had had an argument with her husband, and that she wished to return home, the officer escorted her to the stairway which led to the mezzanine of the station and watched her walk down the stairway. However, after the officer left the station, Mrs. Figueroa apparently returned to the platform and committed suicide by jumping into the side of a moving subway train while carrying her son, Alex. Alex survived the incident, but he lost his left arm.

Hector Figueroa, as the administrator of the estate of his wife and on behalf of his son, commenced the present action against the Transit Authority to recover damages for wrongful death and personal injuries. He alleged that the transit police officer who had questioned his wife was negligent in failing to conduct more of an inquiry than he did and in failing to place Mrs. Figueroa and Alex in protective custody.

During the trial, the court granted the Transit Authority's motion to dismiss the wrongful death cause of action. After the jury rendered a verdict in favor of Alex, the trial court granted the Transit Authority's motion for judgment notwithstanding the verdict based, *inter alia,* on its finding that, in the absence of a special relationship, the Transit Authority owed no duty to protect Mrs. Figueroa and Alex.

The trial court properly granted the Transit Authority's motion. It is well settled that a public entity is immune from negligence claims arising out of the performance of its governmental functions, including police protection, absent a special relationship to the injured person *(see, Bonner v City of New York,* 73 NY2d 930, 932; *Cuffy v City of New York,* 69 NY2d 255, 260).* In the present case, the transit police officer's decision to allow Mrs. Figueroa and Alex to leave the subway station without additional questioning clearly involved the exercise of his professional judgment and was in furtherance of the Transit Authority's governmental activities *(see, Kenavan v City of New York,* 70 NY2d 558, 569).* Therefore, the plaintiffs were required to prove the existence of a special relationship. The evidence, however, fails to establish all of the elements of such a relationship, including the assumption of an affirmative duty by the transit police officer, knowledge that his inaction would lead to harm, and reliance by Mrs. Figueroa and Alex on the officer's undertaking an affirmative duty on their behalf *(see generally, Cuffy v City of New York, supra,* at 260).* Accordingly, since the plaintiffs failed to establish the existence of a special relationship, the general rule of governmental immunity precludes the imposition of liability against the Transit Authority, and the trial court properly granted the Transit Authority's motion for judgment notwithstanding the verdict. The dismissal of the wrongful death cause of action was also proper.

As an alternate theory of liability, the plaintiffs contend that the Transit Authority owed Mrs. Figueroa a heightened duty of care, as a common carrier, because she suffered from a disability, namely her disturbed mental condition. However, this issue was not raised at the trial and may not be raised for

the first time on appeal *(see, Matter of Garfield,* 14 NY2d 251, 260; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, *affd* 64 NY2d 670).

In light of the foregoing, we need not reach the plaintiffs' contention that the jury's awards for pain and suffering were inadequate.

The plaintiffs' remaining contentions are without merit. Lawrence, J. P., Pizzuto, Joy and Altman, JJ., concur. *[See,* 152 Misc 2d 948.]