■ SYED JAFFERY et al., Appellants, v MACMILLAN & WEBB ENTERPRISES, INC., Respondent. [812 NYS2d 588]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Dollard, J.), dated February 10, 2005, which granted the defendant's motion to vacate an order of the same court dated May 27, 2004, granting their motion for a default judgment, and to deem the defendant's answer timely filed.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, the motion is denied, and the order dated May 27, 2004, is reinstated.

The defendant's excuse for failing to appear in this action was that it believed that the plaintiffs' attorney had agreed to extend its time to answer until insurance coverage issues were resolved. The plaintiffs' attorney adamantly denied agreeing to such an extension, and asserted that when asked for one, he said "no." It is undisputed that the parties did not enter in to a written stipulation extending the defendant's time to answer the complaint, and since there is insufficient evidence in this case to conclude that the alleged oral stipulation was actually made, the defendant was in default (*see Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353 [2005]).

The defendant's default was not excusable, and the order granting the plaintiffs' motion for a default judgment was not subject to vacatur based upon the plaintiffs' failure to serve no-

tice of the motion for a default judgment pursuant to CPLR 3215 (g). The plaintiffs were not required to give such notice since the defendant did not appear in the action, and the motion for a default judgment was made less than one year after the default. In any event, failure to give notice of a motion for a default judgment will not entitle a defendant to vacatur where no reasonable excuse for the default is shown (*see Harkless v Reid,* 23 AD3d 622 [2005]). Since the defendant failed to show that it had a reasonable excuse for the default, the Supreme Court improvidently exercised its discretion in granting the defendant's motion.

The defendant's remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.