■ CORTLANDT HEALTHCARE, LLC, Respondent, v JOHN H. GANTT, Appellant. [863 NYS2d 769]—In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Cullen, J.), entered August 17, 2006, which denied his motion to vacate a prior order of the same court entered January 3, 2006, granting the plaintiff's motion for leave to enter a default judgment against him in the principal sum of $57,607, and (2) a judgment of the same court entered September 29, 2006, upon the order, in favor of the plaintiff and against him.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In light of the strong public policy favoring the resolution of cases on the merits, the Supreme Court has the discretion to vacate a default arising from a defendant's delay in serving an answer pursuant to CPLR 2004 and 3012 (d) where there is a lack of prejudice to the plaintiff by the short delay, a lack of willfulness on the part of the defendant, and a meritorious defense (*see Jeffrey L. Rosenberg & Assoc., LLC v Lajaunie*, 35 AD3d 668 [2006]; *Jolkovsky v Legeman*, 32 AD3d 418 [2006]; *Rottenberg v Preferred Prop. Mgt., Inc.*, 22 AD3d 826 [2005]; *Yonkers Rib House, Inc. v 1789 Cent. Park Corp.*, 19 AD3d 687, 688 [2005]). In the instant case, however, the Supreme Court providently exercised its discretion in denying the defendant's motion, since he failed to demonstrate the existence of a meritorious defense to the action. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.