■ ANN DAVIS, Respondent, v NEW YORK CITY TRANSIT AU- THORITY, Defendant, and CITY OF NEW YORK et al., Appellants. [882 NYS2d 207]—

In an action to recover damages for personal injuries, the defendants City of New York, "John Doe," and "Richard Roe" appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated January 4, 2008, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them without prejudice to renewal after discovery and granted the plaintiff's cross motion for leave to serve a second amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants City of New York, "John Doe," and "Richard Roe" which was for summary judgment dismissing the complaint insofar as asserted against them is granted, and the plaintiff's cross motion for leave to serve a second amended complaint is denied.

The plaintiff commenced this action after her son, Clarence Davis (hereinafter Davis), was stabbed while riding on a subway train on the way home from school. The plaintiff claimed, inter alia, that the defendants City of New York and two unnamed police officers (hereinafter collectively the City defendants) were negligent in failing to provide police protection. According to Davis's testimony at a hearing pursuant to General Municipal

Law § 50-h, he and a crowd comprised of students and nonstudents had congregated outside his high school. After police officers told the crowd to "clear the way," Davis and his friends went to the subway station and boarded a train; two police officers later boarded the same subway car. Other members of the crowd entered the adjacent subway car. The officers stayed on the train for two stops and, before exiting the subway car, they told Davis and his friends not to go into the adjacent subway car. A few minutes later, the assailant and his friends entered Davis's subway car and an altercation took place, which resulted in Davis receiving a stab wound to his chest.

The City defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, on the ground that there was no evidence of a special relationship between them and Davis which would give rise to a duty of police protection. In the order appealed from, the Supreme Court, among other things, denied the motion without prejudice to renewal after discovery. We reverse the order insofar as appealed from.

In general, municipalities and their agencies are not liable for their failure to furnish police protection to individual citizens (*see Cuffy v City of New York,* 69 NY2d 255 [1987]; *Miller v City of New York,* 277 AD2d 363 [2000]). There is a narrow exception to this general rule based upon a "special relationship" between the municipality and the claimant (*Cuffy v City of New York,* 69 NY2d at 260). The elements required to establish a special relationship are "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance of the municipality's affirmative undertaking" (*id.*).

The City defendants established their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against them by demonstrating that the facts, as testified to by Davis, failed to establish the existence of a special relationship. The police officer's statement to Davis that he should not go into the adjacent car of the train was not an assumption of an affirmative duty to protect him (*see Khalil v Guardino,* 300 AD2d 360 [2002]; *Figueroa v New York City Tr. Auth.,* 213 AD2d 586 [1995]). Davis's testimony also failed to show that he justifiably relied on the police officers' protection, as the officers left the train before the assailant entered Davis's subway car (*see Conde v City of New York,* 24 AD3d 595 [2005]; *Blanc v City*

*of New York,* 223 AD2d 522 [1996]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to the existence of a special relationship (*see Conde v City of New York,* 24 AD3d at 595).

Accordingly, the Supreme Court should have awarded the City defendants summary judgment dismissing the complaint insofar as asserted against them. Additionally, since the plaintiff's proposed amended complaint also failed to sufficiently allege the existence of a special relationship, the cross motion for leave to serve a second amended complaint should have been denied.

The plaintiff's contention regarding the "special relationship" exception as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]) is improperly raised for the first time on appeal. Skelos, J.P., Florio, Leventhal and Hall, JJ., concur. [*See* 18 Misc 3d 1116(A), 2008 NY Slip Op 50099(U).]