■ LIBERTY COUNTY MUTUAL et al., Appellants, v AVENUE I MEDICAL, P.C., et al., Respondents, et al., Defendants. [11 NYS3d 623]—

In an action, inter alia, to recover damages for fraud and for a judgment declaring that the plaintiffs are not obligated to pay pending and future no-fault insurance claims submitted by the defendant Avenue I Medical, P.C., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated February 28, 2014, as denied that branch of their motion which was pursuant to

CPLR 3215 for leave to enter a judgment against the defendants Avenue I Medical, P.C., Ricardo Galdamez, P.C., and Roman Vladmirovich Vaynshteyn, D.C., upon their failure to timely "answer or move" in accordance with a stipulation, and thereupon extended the time for those defendants to serve their answer.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was for leave to enter a judgment against the defendants Avenue I Medical, P.C., Ricardo Galdamez, P.C., and Roman Vladmirovich Vaynshteyn, D.C., upon their failure to timely "answer or move" in accordance with the subject stipulation is granted, and the matter is remitted to the Supreme Court, Suffolk County, for an inquest on damages with respect to those defendants, additional further proceedings consistent herewith, and the entry of an appropriate judgment thereafter, inter alia, declaring that the plaintiffs are not obligated to pay pending and future no-fault insurance claims submitted to them by the defendant Avenue I Medical, P.C.

On June 14, 2013, the plaintiffs commenced this action in the Supreme Court, Suffolk County, and thereafter served a copy of the summons and complaint on all the defendants. None of them timely answered or appeared. On September 6, 2013, the plaintiffs entered into a stipulation with the defendants Avenue I Medical, P.C., Ricardo Galdamez, P.C., and Roman Vladmirovich Vaynshteyn, D.C. (hereinafter collectively the respondents), pursuant to which the respondents acknowledged that they had been "lawfully served" and waived any jurisdictional defenses, but not their right to move for a change of venue. The stipulation also extended the respondents' time to "answer or move" to the close of business on September 13, 2013. The respondents neither answered nor "move[d]" by September 13, 2013, but, instead, on that date, served a demand to change venue from Suffolk County to Kings County (see CPLR 511). On September 26, 2013, they moved, in the Supreme Court, Kings County, to change venue accordingly. The next day, the plaintiffs moved in the Supreme Court, Suffolk County, for leave to enter a default judgment against all of the defendants. As relevant here, the Supreme Court denied the plaintiffs' motion with respect to the respondents, and the plaintiffs appeal.

A plaintiff seeking leave to enter a default judgment under CPLR 3215 must file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the claim, and (3) the defendant's default (see CPLR 3215 [f]; *Fried*

*v Jacob Holding, Inc.*, 110 AD3d 56, 59-60 [2013]). To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that it had a reasonable excuse for its delay and a potentially meritorious defense (*see Fried v Jacob Holding, Inc.*, 110 AD3d at 60). Here, the respondents do not contend that the plaintiffs' motion was facially insufficient. Instead, they contend that, by serving a demand to change venue on September 13, 2013, and subsequently moving for a change of venue, they complied with the terms of the stipulation and, thus, had not defaulted. We disagree. The stipulation clearly stated that the respondents were to "answer or move" by September 13, 2013. The respondents' demand for a change of venue was neither an answer nor a motion. Thus, the respondents did not establish that they had not defaulted (*see Jaffery v MacMillan & Webb Enters., Inc.*, 27 AD3d 422, 422 [2006]). Moreover, their misinterpretation of the clear terms of the stipulation did not constitute a reasonable excuse for their default (*cf. DiIorio v Antonelli*, 240 AD2d 537, 537 [1997]) and, even if such a misinterpretation could be considered a reasonable excuse, the respondents failed to demonstrate that they had a potentially meritorious defense to the action. Accordingly, the Supreme Court erred in denying that branch of the plaintiffs' motion pursuant to CPLR 3215 which was for leave to enter a default judgment against the respondents (*see Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC*, 65 AD3d 1102, 1102 [2009]; *Giovanelli v Rivera*, 23 AD3d 616, 616-617 [2005]; *Meeker v Moore*, 160 AD2d 780, 781 [1990]).

To the extent that the plaintiffs raise an argument regarding that branch of their motion which was addressed to the defendant IVD, Inc., that branch of the motion was not addressed by the Supreme Court in the decretal paragraph of the order appealed from, and therefore remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiffs are not obligated to pay pending and future no-fault insurance claims submitted to them by the defendant Avenue I Medical, P.C. (*see Lanza v Wagner*, 11 NY2d 317 [1962]). Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.