OneWest Bank, FSB v Villafana (2020 NY Slip Op 06134)





OneWest Bank, FSB v Villafana


2020 NY Slip Op 06134


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2018-10332
 (Index No. 18002/09)

[*1]OneWest Bank, FSB, etc., respondent, 
v
Roland A. Villafana, et al., appellants.


Shellon O. Washington, Brooklyn, NY, for appellants.
Greenberg Traurig, LLP, New York, NY (Leah N. Jacob of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence S. Knipel, J.), dated May 23, 2018. The order denied the defendants' motion, in effect, pursuant to CPLR 3012(d) for leave to serve and file a late answer.
ORDERED that the order is affirmed, with costs.
In July 2009, the plaintiff commenced this action against the defendants to foreclose a mortgage encumbering certain real property in Brooklyn. The defendants allegedly were served at the mortgaged premises pursuant to CPLR 308(2) on July 25, 2009. The defendants did not answer the complaint. Nevertheless, they participated in numerous settlement conferences pursuant to CPLR 3408 between November 2010 and May 2012. The action was released from the foreclosure settlement part on May 23, 2012. Thereafter, in July 2014, the action was dismissed on the ground that the plaintiff failed to comply with a conditional order of dismissal dated January 9, 2014 (hereinafter the dismissal order), which required the plaintiff to file a note of issue or otherwise proceed by motion for the entry of judgment within 90 days.
In an order dated January 18, 2018, the Supreme Court granted the plaintiff's motion to vacate the dismissal order and to restore the action to the calendar. In April 2018—three months after the action was reinstated and one day before a status conference was scheduled to be held—the defendants moved, in effect, pursuant to CPLR 3012(d) for leave to serve and file a late answer. In an order dated May 23, 2018, the Supreme Court denied the motion. The defendants appeal.
We agree with the Supreme Court's denial of the defendants' motion. "To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense" (Bank of N.Y. Mellon v Tedesco, 174 AD3d 490, 491; see Bank of N.Y. Mellon v Daniels, 180 AD3d 738, 739). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (see Deutsche Bank Natl. Trust Co. v Mladen, 176 AD3d 1170, 1171; Bank of Am., N.A. v Viener, 172 AD3d 795, 796).
Here, the defendants' "participation in settlement conferences and loan modification negotiations did not constitute a reasonable excuse for [their] default, nor did [their] claim that, [*2]despite the warning language contained in the summons, [they were] unaware of [their] obligation to serve an answer" (Bank of N.Y. Mellon v Daniels, 180 AD3d at 739 [internal quotation marks omitted]). In addition, although there was a lengthy period during which the action had been marked off the Supreme Court's active calendar, the defendants did not provide a reasonable excuse for failing to seek leave to serve and file a late answer during the approximately five-year period between the date of their default in answering the complaint and the dismissal order (see JPMorgan Chase Bank, N.A. v Greenberg, 177 AD3d 860, 861-862; OneWest Bank v Schiffman, 175 AD3d 1543, 1545; U.S. Bank N.A. v Crawford, 174 AD3d 762, 763). Furthermore, the defendants' proffered excuse of improper service did not constitute a reasonable excuse for their delay in this case (see HSBC Bank USA, N.A. v Eliyahu, 170 AD3d 1130, 1131-1132; Bank of N.Y. v Krausz, 144 AD3d 718, 718).
There is no support for the defendants' additional contention that the amendments made by the legislature to CPLR 3408, effective December 20, 2016, may be applied retroactively to this case, which was commenced nearly 6½ years earlier. In any event, the defendants' contention that they "shall be presumed to have a reasonable excuse for the default" is without merit inasmuch as they failed to "serve and file an answer . . . within thirty days of initial appearance at the settlement conference" (CPLR 3408[m]; see Flagstar Bank, FSB v Moore, 2018 NY Slip Op 30734[U], *7 [Sup Ct, Suffolk County]).
Since the defendants failed to proffer a reasonable excuse, this Court need not consider whether they demonstrated a potentially meritorious defense (see U.S. Bank N.A. v Batista, 178 AD3d 878, 880; U.S. Bank N.A. v Crawford, 174 AD3d at 764).
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court