National Loan Invs., L.P. v Bruno (2021 NY Slip Op 08192)





National Loan Invs., L.P. v Bruno


2021 NY Slip Op 08192


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-09854
 (Index No. 702927/16)

[*1]National Loan Investors, L.P., plaintiff,
v
Frank Bruno, Jr., respondent, et al., defendants; Lycan Capital, LLC, nonparty-appellant.


Menashe & Associates, LLP, Montebello, NY (Chezki Menashe of counsel), for nonparty-appellant.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Lycan Capital, LLC, appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered August 13, 2019. The order, insofar as appealed from, denied that branch of its motion which was pursuant to CPLR 3215 for leave to enter a default judgment of foreclosure and sale against the defendant Frank Bruno, Jr., and granted that branch of that defendant's cross motion which was pursuant to CPLR 2004 to extend his time to file an answer.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the motion of nonparty Lycan Capital, LLC, which was pursuant to CPLR 3215 for leave to enter a default judgment of foreclosure and sale against the defendant Frank Bruno, Jr., is granted, and that branch of that defendant's cross motion which was pursuant to CPLR 2004 to extend his time to file an answer is denied.
On November 6, 2007, the defendant Frank Bruno, Jr. (hereinafter the defendant), executed a note in the principal sum of $450,000, which was secured by a mortgage encumbering certain commercial property in Queens. Beginning in March 2012, the defendant defaulted under the terms of the note and the mortgage by failing to make the required payments. Following the commencement of this action, the defendant filed a pre-answer motion to dismiss the complaint insofar as asserted against him, which the Supreme Court denied in an order entered January 30, 2019.
On April 5, 2019, the defendant submitted an answer. Thereafter, Lycan Capital, LLC (hereinafter Lycan), which had been assigned the note and the mortgage during the pendency of this action, rejected the answer as untimely and moved, inter alia, pursuant to CPLR 3215 for leave to enter a default judgment of foreclosure and sale against the defendant, and for leave to amend the caption and to be substituted as the plaintiff in the action. The defendant cross-moved, inter alia, pursuant to CPLR 2004 to extend his time to file an answer.
In an order entered August 13, 2019, the Supreme Court, inter alia, denied that branch of Lycan's motion which was for leave to enter a default judgment of foreclosure and sale based upon the defendant's failure to answer the complaint, granted that branch of the motion which was [*2]for leave to amend the caption and to be substituted as the plaintiff in the action, and granted that branch of the defendant's cross motion which was pursuant to CPLR 2004 to extend his time to file an answer. Lycan appeals from so much of the order as denied that branch of its motion which was for leave to enter a default judgment of foreclosure and sale based upon the defendant's failure to answer the complaint and granted that branch of the defendant's cross motion which was pursuant to CPLR 2004 to extend his time to file an answer.
CPLR 2004 provides that, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." The Supreme Court may compel a plaintiff to accept an untimely answer "where the record demonstrates that there was only a short delay in appearing or answering the complaint, that there was no willfulness on the part of the defendant, that there would be no prejudice to the plaintiff, and that a potentially meritorious defense exists" (Yongjie Xu v JJW Enters., Inc., 149 AD3d 1146, 1147; see Tewari v Tsoutsouras, 75 NY2d 1, 12).
Here, the Supreme Court improvidently exercised its discretion in extending the time for the defendant to answer the complaint pursuant to CPLR 2004. The defendant failed to provide a detailed and credible explanation for the law office failure that he alleged caused his default (see generally Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963). He also failed to demonstrate the existence of a potentially meritorious defense to the action (see Cortlandt Healthcare, LLC v Gantt, 54 AD3d 799, 800). Finally, he failed to provide an affidavit of merit (see Tewari v Tsoutsouras, 75 NY2d at 12) or an answer that was verified by someone with personal knowledge of the facts of the case in lieu thereof (see generally Pampalone v Giant Bldg. Maintenance, Inc., 17 AD3d 556, 557).
A plaintiff seeking leave to enter a default judgment under CPLR 3215 must file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the claim, and (3) the defendant's default (see CPLR 3215[f]; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 784-785; Fried v Jacob Holding, Inc., 110 AD3d 56, 59-60). To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that it had a reasonable excuse for its delay and a potentially meritorious defense (see Liberty County Mut. v Avenue I Med., P.C., 129 AD3d at 785; Fried v Jacob Holding, Inc., 110 AD3d at 60).
Here, Lycan satisfied its CPLR 3215 burden of proving service, the facts constituting the claim, and the defendant's default. In opposition, the defendant did not contend that Lycan's motion was facially insufficient, and he failed to demonstrate either that he was not in default, or that he had a reasonable excuse for his delay and a potentially meritorious defense. Accordingly, the Supreme Court should have granted that branch of Lycan's motion which was pursuant to CPLR 3215 for leave to enter a default judgment of foreclosure and sale against the defendant.
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court