U.S. Bank N.A. v Crockett (2022 NY Slip Op 00211)





U.S. Bank N.A. v Crockett


2022 NY Slip Op 00211


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
WILLIAM G. FORD, JJ.


2018-11178
 (Index No. 516625/16)

[*1]U.S. Bank N.A., etc., appellant,
v
Gerard Crockett, respondent.


Friedman Vartolo LLP, Garden City, NY (Zachary Gold of counsel), for appellant.
Solomon Rosengarten, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated July 20, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3215 for leave to enter a default judgment of foreclosure and sale, and granted that branch of the defendant's cross motion which was to compel the plaintiff to accept his late answer.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3215 for leave to enter a default judgment of foreclosure and sale is granted, and that branch of the defendant's cross motion which was to compel the plaintiff to accept his late answer is denied.
The plaintiff commenced this action to foreclose a mortgage. After the defendant failed to interpose a timely answer, the plaintiff moved, inter alia, in effect, pursuant to CPLR 3215 for leave to enter a default judgment of foreclosure and sale. The defendant cross-moved, inter alia, to compel the plaintiff to accept his late answer. In the order appealed from, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3215 for leave to enter a default judgment of foreclosure and sale, and granted that branch of the defendant's cross motion which was to compel the plaintiff to accept his late answer. The plaintiff appeals. We reverse the order insofar as appealed from.
"A plaintiff seeking leave to enter a default judgment under CPLR 3215 must file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the claim, and (3) the defendant's default" (National Loan Invs., L.P. v Bruno, 191 AD3d 999, 1001; see CPLR 3215[f]; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 784-785; Fried v Jacob Holding, Inc., 110 AD3d 56, 59-60). "To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that it had a reasonable excuse for its delay and a potentially meritorious defense" (National Loan Invs., L.P. v Bruno, 191 AD3d at 1001; see Liberty County Mut. v Avenue I Med., P.C., 129 AD3d at 785; Fried v Jacob Holding, Inc., 110 AD3d at 60).
Here, the plaintiff demonstrated its prima facie entitlement to a default judgment based upon the defendant's failure to answer the complaint (see National Loan Invs., L.P. v Bruno, 191 AD3d at 1001). In opposition, the defendant did not contend that the plaintiff's motion was [*2]facially insufficient or that he was not in default (see id.; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d at 785). Contrary to the defendant's contention, he failed to demonstrate that he has a potentially meritorious defense to this action (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32; see generally Gershman v Ahmad, 131 AD3d 1104, 1106-1107). Under such circumstances, it is unnecessary to determine whether the defendant established a reasonable excuse for his default in answering (see e.g. Loughran v Giannoti, 160 AD3d 709, 710).
The defendant's remaining contentions, which have been raised on appeal as alternative grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539; Davis v New York City Tr. Auth., 63 AD3d 990, 992), were improperly raised for the first time in the defendant's reply papers (see e.g. CitiMortgage, Inc. v Sergiadis, 183 AD3d 693, 694; Carolan v Carolan, 26 AD3d 402, 402), and, in any event, are without merit (cf. CPLR 3215[g][2]; Brenner v Cross County Shopping Ctr., 308 AD2d 469, 470).
Under the circumstances, the Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3215 for leave to enter a default judgment of foreclosure and sale, and denied that branch of the defendant's cross motion which was to compel the plaintiff to accept his late answer.
IANNACCI, J.P., CHAMBERS, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court