Austin 26 Dental Group, PLLC v Sino Northeast Metals (U.S.A.), Inc. (2024 NY Slip Op 04187)

Austin 26 Dental Group, PLLC v Sino Northeast Metals (U.S.A.), Inc.

2024 NY Slip Op 04187

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-01931
 (Index No. 708506/20)

[*1]Austin 26 Dental Group, PLLC, appellant,
v
Sino Northeast Metals (U.S.A.), Inc., also known as Sino Northern Metals (U.S.A.), Inc., et al., respondents, et al., defendants.

Menashe & Lapa LLP, Montebello, NY (David Lapa of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered February 25, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 3215 for leave to enter a default judgment against all of the defendants except for the defendant Yuan Gui Zheng, for an order of reference, and to amend the caption to substitute 11221 Jamaica Ave, L.P., as the plaintiff, and granted that branch of the cross-motion of the defendants Yuan Gui Zheng and Sino Northeast Metals (U.S.A.), Inc., also known as Sino Northern Metals (U.S.A.), Inc., which was for leave to file a late answer on behalf of the defendant Sino Northeast Metals (U.S.A.), Inc., also known as Sino Northern Metals (U.S.A.), Inc.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were pursuant to CPLR 3215 for leave to enter a default judgment against all of the defendants except for the defendant Yuan Gui Zheng, for an order of reference, and to amend the caption to substitute 11221 Jamaica Ave, L.P., as the plaintiff are granted, and that branch of the cross-motion of the defendants Yuan Gui Zheng and Sino Northeast Metals (U.S.A.), Inc., also known as Sino Northern Metals (U.S.A.), Inc., which was for leave to file a late answer on behalf of the defendant Sino Northeast Metals (U.S.A.), Inc., also known as Sino Northern Metals (U.S.A.), Inc., is denied.
On July 21, 2017, the defendant Yuan Gui Zheng, on behalf of Sino Northern Metals (U.S.A.), Inc. (hereinafter Sino Northern), executed a note in the sum of $200,000 in favor of the plaintiff. The note was secured by a mortgage on real property located at 112-21 Jamaica Avenue, Queens, which was also executed by Yuan Gui Zheng on behalf of Sino Northern. At the same time, Yuan Gui Zheng executed a guaranty guaranteeing payment of the principal of the note. A deed dated July 21, 2017, conveyed the property to Sino Northern.
On June 25, 2020, the plaintiff commenced this action against the defendant Sino Northeast Metals (U.S.A.), Inc. (hereinafter Sino Northeast), also known as Sino Northern (hereinafter Sino), and Yuan Gui Zheng, among others, to foreclose the mortgage and to reform the deed and the mortgage to reflect that the correct name of the grantee on the deed and the correct name of the mortgagor on the mortgage was Sino Northeast. On July 2, 2020, Sino was served with [*2]process by service on the Secretary of State pursuant to Business Corporation Law § 306. Sino failed to answer the complaint. By assignment of mortgage dated December 18, 2020, the plaintiff assigned the mortgage and note to 11221 Jamaica Ave, L.P.
In January 2021, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against all of the defendants except for Yuan Gui Zheng, to discontinue the action insofar as asserted against Yuan Gui Zheng, to amend the caption to substitute 11221 Jamaica Ave, L.P., as the plaintiff, and for an order of reference. Sino and Yuan Gui Zheng cross-moved, inter alia, for leave to file a late answer on behalf of Sino.
In an order entered February 25, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to discontinue the action insofar as asserted against Yuan Gui Zheng, denied the plaintiff's motion in all other respects, and granted that branch of the cross-motion which was for leave to file a late answer on behalf of Sino. The court determined the motion and cross-motion "in the interest of justice," on the ground that the action had been commenced "when foreclosures were stayed due to [the] Covid-19 pandemic." The plaintiff appeals.
"The lack of notice and opportunity to be heard implicates the fundamental issue of fairness that is the cornerstone of due process" (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54; see Bank of Am., N.A. v City of New York Dept. of Hous. Preserv. & Dev., 211 AD3d 661, 664; Wells Fargo Bank v Aucapina, 193 AD3d 1106, 1108). As the plaintiff correctly contends, the Supreme Court improperly determined the subject branches of the parties' motion and cross-motion on the ground that the action was commenced when "foreclosures were stayed due to [the] Covid-19 pandemic." Sino did not argue in support of the cross-motion that the plaintiff improperly commenced the action during any COVID-19-related stay or that it was prejudiced because the action was commenced during any COVID-19-related stay. Thus, the plaintiff was prejudiced, since it was "never afforded the opportunity to present evidence refuting the court's sua sponte determination" (Aurora Loan Servs., LLC v Moreno, 166 AD3d 933, 935 [internal quotation marks omitted]). Accordingly, the court should not have determined the subject branches of the motion and cross-motion on a ground that was never raised by the parties (see Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Servs., LLC, 208 AD3d 1170, 1170-1171; 799 Crown St., LLC v Leblanc, 203 AD3d 1117, 1118; Nationstar Mtge., LLC v Einhorn, 185 AD3d 945, 945).
"'A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense'" (Windward Bora, LLC v Lodico, 206 AD3d 1038, 1039, quoting U.S. Bank N.A. v Nakash, 195 AD3d 651, 653; see OneWest Bank, FSB v Villafana, 187 AD3d 1201, 1202). Here, Sino failed to demonstrate a reasonable excuse for its default in answering the complaint (see Windward Bora, LLC v Lodico, 206 AD3d at 1039). Therefore, we need not consider whether Sino demonstrated a potentially meritorious defense (see OneWest Bank, FSB v Villafana, 187 AD3d at 1203; US Bank N.A. v Batista, 178 AD3d 878, 880).
"A plaintiff seeking leave to enter a default judgment under CPLR 3215 must file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the claim, and (3) the defendant's default" (National Loan Invs., L.P. v Bruno, 191 AD3d 999, 1001; see CPLR 3215[f]; U.S. Bank N.A. v Crockett, 201 AD3d 767, 768). "To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that it had a reasonable excuse for its delay and a potentially meritorious defense" (National Loan Invs., L.P. v Bruno, 191 AD3d at 1001; see U.S. Bank N.A. v Crockett, 201 AD3d at 768).
Here, in support of its motion, the plaintiff submitted an affidavit of service attesting that Sino was served on July 2, 2020, by service on the Secretary of State. The plaintiff also submitted the complaint, verified by its principal, and an affidavit of its principal, which both set forth the facts constituting its claim (see PE-NC, LLC v Gonzalez, 172 AD3d 1394, 1396), as well as an affirmation of its attorney, attesting to Sino's failure to answer or appear in the action (see [*3]Lancer Ins. Co. v Fishkin, 211 AD3d 719, 721). In opposition, Sino failed to make the requisite showing either that there was no default or that it had a reasonable excuse for its delay in answering the complaint and a potentially meritorious defense to the action (see National Loan Invs., L.P. v Bruno, 191 AD3d at 1001).
With respect to the remaining defendants other than Yuan Gui Zheng, the plaintiff submitted affidavits of service attesting that those defendants had been served, and its attorney attested to the failure of those defendants to answer the complaint.
The plaintiff also established that the caption should be amended to substitute 11221 Jamaica Ave, L.P., as the plaintiff. Leave to amend a caption to substitute an assignee for the plaintiff may properly be granted upon evidence that the mortgage and underlying debt were assigned to the assignee (see CPLR 1018; Nationstar Mtge., LLC v Grunwald, 203 AD3d 1170, 1173). Here, the plaintiff submitted the assignment of mortgage dated December 18, 2020, pursuant to which it assigned the mortgage, together with the note, to 11221 Jamaica Ave, L.P.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for leave to enter a default judgment against all of the defendants except for Yuan Gui Zheng, for an order of reference, and to amend the caption to substitute 11221 Jamaica Ave, L.P., as the plaintiff, and the court should have denied that branch of the cross-motion which was for leave to file a late answer on behalf of Sino.
IANNACCI, J.P., MALTESE, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court