OneWest Bank, FSB v Villafana (2024 NY Slip Op 04973)

OneWest Bank, FSB v Villafana

2024 NY Slip Op 04973

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-02665
 (Index No. 18002/09)

[*1]OneWest Bank, FSB, etc., respondent,
v
Roland A. Villafana, et al., appellants, et al., defendants.

O. Benjamin Okeke, Brooklyn, NY, for appellants.
Greenberg Traurig, LLP, New York, NY (Leah N. Jacob of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Roland A. Villafana and Florence Villafana appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 29, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against those defendants and for an order of reference and denied those defendants' cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage against the defendants Roland A. Villafana and Florence Villafana (hereinafter together the defendants), among others. Subsequently, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants. In an order dated April 1, 2019, the Supreme Court denied the motion with leave to renew. The defendants then moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. In an order dated July 11, 2022 (hereinafter the July 2022 order), the court denied the defendants' motion and directed the plaintiff to renew its motion for leave to enter a default judgment. Thereafter, the plaintiff moved, among other things, for leave to enter a default judgment against the defendants and for an order of reference. The defendants cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. In an order dated November 29, 2022, the court, inter alia, granted those branches of the plaintiff's motion and denied the defendants' cross-motion on the ground that the defendants had waived the right to seek dismissal pursuant to CPLR 3215(c) by appearing in this matter and actively participating in the litigation. The defendants appeal.
The Supreme Court properly granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants. "A plaintiff seeking leave to enter a default judgment under CPLR 3215 must file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the claim, and (3) the defendant's default" (National Loan Invs., L.P. v Bruno, 191 AD3d 999, 1001; see CPLR 3215[f]). Here, the plaintiff established its entitlement to a default judgment by submitting evidence of service of the summons and complaint, evidence of the facts constituting the cause of action against the defendants, and evidence of the defendants' default (see CPLR 3215[f]; Citimortgage, Inc. v Weaver, 197 AD3d [*2]1087, 1088; Jacob v Siberian Ice, LLC, 170 AD3d 1132, 1133). The evidence submitted by the plaintiff, including an affidavit of its senior loan analyst, was sufficient to satisfy the plaintiff's burden (see Wilmington Trust, N.A. v Reed, 210 AD3d 731, 732).
Contrary to the defendants' contention, the plaintiff was not required to comply with the requirements of CPLR 2221(e) because the July 2022 order directed the plaintiff to "either renew mtn [sic] for default judgment on proper papers or file note of issue within 30 days."
"To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that [he or she] had a reasonable excuse for [his or her] delay and a potentially meritorious defense" (Citimortgage, Inc. v Weaver, 197 AD3d at 1089 [internal quotation marks omitted]). In a prior appeal, this Court determined that the defendants had failed to provide a reasonable excuse for failing to seek leave to serve and file a late answer during a period of approximately five years after they defaulted in answering the complaint and that the defendants' proffered excuse of improper service did not constitute a reasonable excuse for their delay (see OneWest Bank, FSB v Villafana, 187 AD3d 1201, 1202-1203). That determination constitutes the law of the case (see Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1067, 1070). Since the defendants failed to proffer a reasonable excuse, this Court need not consider whether they demonstrated a potentially meritorious defense (see OneWest Bank, FSB v Villafana, 187 AD3d at 1203).
Moreover, since the defendants failed to establish a reasonable excuse for their default, they are precluded from raising lack of standing as a defense to this action, as well as raising the nonjurisdictional argument that the plaintiff failed to satisfy a condition precedent in the mortgage agreement by failing to deliver a notice of default in the proper manner (see Aurora Loan Servs., LLC v Jemal, 205 AD3d 661, 663; Citimortgage, Inc. v Weaver, 197 AD3d at 1089).
The Supreme Court also properly denied the defendants' cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. A defendant may waive the right to seek dismissal of the complaint pursuant to CPLR 3215(c) by serving an answer or taking any other steps which may be viewed as a formal or informal appearance (see Bank of Am., N.A. v Lichter, 192 AD3d 957, 957; OneWest Bank, FSB v Lara, 192 AD3d 695, 697). Here, the defendants waived their right to seek dismissal of the complaint insofar as asserted against them pursuant to CPLR 3215(c) by their active participation in the litigation (see Bank of Am., N.A. v Carapella, 218 AD3d 631, 633; OneWest Bank, FSB v Lara, 192 AD3d at 697).
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court