Aurora Loan Servs., LLC v Moreno (2024 NY Slip Op 05557)

Aurora Loan Servs., LLC v Moreno

2024 NY Slip Op 05557

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2023-03142
 (Index No. 714703/20)

[*1]Aurora Loan Services, LLC, plaintiff, 
v
German Moreno, et al., defendants; Palm Avenue Hialeah Trust, etc., nonparty-appellant.

Ross Eisenberg Law PLLC, Cedarhurst, NY, for nonparty-appellant.

DECISION & ORDER
In an action to foreclose a mortgage, Palm Avenue Hialeah Trust, as successor in interest to the plaintiff, appeals from an order of the Supreme Court, Queens County (Laurentina S. McKetney Butler, J.), entered December 2, 2022. The order denied that branch of the motion of Palm Avenue Hialeah Trust which was for leave to renew those branches of the motion of SC Park Lane II, LLC, as successor in interest to the plaintiff, which were for leave to enter a default judgment against all the defendants except for the defendant German Moreno and for an order of reference, which had been denied in an order of the same court (Janice A. Taylor, J.) dated December 21, 2021, and, in effect, denied that branch of the motion of Palm Avenue Hialeah Trust which was pursuant to CPLR 1018 to substitute it as the plaintiff.
ORDERED that the order entered December 2, 2022, is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the motion of Palm Avenue Hialeah Trust which was pursuant to CPLR 1018 to substitute it as the plaintiff, and substituting therefor a provision granting that branch of the motion; as so modified, the order entered December 2, 2022, is affirmed, without costs or disbursements.
In this action to foreclose a mortgage, Palm Avenue Hialeah Trust (hereinafter Palm Avenue), as successor in interest to the plaintiff, moved for leave to renew those branches of the motion of SC Park Lane II, LLC, as successor in interest to the plaintiff, which were for leave to enter a default judgment against all the defendants except for the defendant German Moreno and for an order of reference, and pursuant to CPLR 1018 to substitute Palm Avenue as the plaintiff. The Supreme Court denied that branch of the motion which was for leave to renew and, in effect, denied that branch of the motion which was pursuant to CPLR 1018 to substitute Palm Avenue as the plaintiff. Palm Avenue appeals.
A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination (see id. § 2221[e][2]) and shall contain reasonable justification for the failure to present such facts on the prior motion (see id. § 2221[e][3]). "The new or additional facts either must have been not known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Ok Sun Chong v Scheelje, 218 AD3d 691, 692 [internal quotation marks omitted]; see P.J. 37 Food Corp. v George Doulaveris & Son, Inc., 189 AD3d 858, 859). "While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time [*2]of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation. Thus, the court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Seegopaul v MTA Bus Co., 210 AD3d 715, 716; see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773-774). Mere neglect is not accepted as a reasonable excuse (see Ok Sun Chong v Scheelje, 218 AD3d at 692).
Here, the Supreme Court providently exercised its discretion in denying that branch of Palm Avenue's motion which was for leave to renew. Palm Avenue failed to provide a reasonable justification for the failure to submit the purportedly new evidence on the prior motion (see id.; Dupree v Westchester County Health Care Corp., 164 AD3d 1211, 1214).
However, the Supreme Court should have granted that branch of Palm Avenue's motion which was pursuant to CPLR 1018 to substitute it as the plaintiff. In support of its motion, Palm Avenue submitted an assignment of mortgage dated December 2, 2021, which assigned the mortgage to it (see id.; Austin 26 Dental Group, PLLC v Sino Northeast Metals [U.S.A.], Inc., ___ AD3d ___, 2024 NY Slip Op 04187 [2d Dept]).
Palm Avenue's remaining contentions either are not properly before this Court or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court