Wilmington Sav. Fund Socy., FSB v Stopanio (2025 NY Slip Op 04505)

Wilmington Sav. Fund Socy., FSB v Stopanio

2025 NY Slip Op 04505

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-00649
 (Index No. 207642/22)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant,
v
Michael Stopanio, etc., et al., defendants.

Gross Polowy LLC, Westbury, NY (Stephen J. Vargas and Michael Naghdi of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Aletha V. Fields, J.), dated November 22, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's unopposed motion which were for leave to enter a default judgment and for a judgment of foreclosure and sale.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against, among others, the defendants Michael Stopanio and Lynn Conway (hereinafter together the borrowers) to foreclose a consolidated mortgage on certain real property located in Rocky Point. Upon the defendants' failure to appear or answer the complaint, the plaintiff moved, inter alia, for leave to enter a default judgment and for a judgment of foreclosure and sale. In an order dated November 22, 2023, the Supreme Court, among other things, denied those branches of the plaintiff's unopposed motion. The plaintiff appeals.
A plaintiff establishes its entitlement to a default judgment by submitting evidence of service of the summons and complaint, evidence of the facts constituting the cause of action, and evidence of the defendants' default (see CPLR 3215[f]; Citimortgage, Inc. v Weaver, 197 AD3d 1087, 1088; National Loan Invs., L.P. v Bruno, 191 AD3d 999, 1001). "'To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable'" (Knudsen v Green Mach. Landscaping, Inc., 223 AD3d 792, 793, quoting Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1194; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71).
Here, the Supreme Court properly denied those branches of the plaintiff's motion which were for leave to enter a default judgment and for a judgment of foreclosure and sale, as the plaintiff failed to satisfy its initial burden of submitting evidence of the facts constituting the cause of action (see CPLR 3215[f]; Knudsen v Green Mach. Landscaping, Inc., 223 AD3d at 793). Although a verified complaint "may be used as the affidavit of the facts constituting the [cause of action]," here, since the complaint was not verified, the plaintiff could not rely on the contents of the complaint in support of its motion (CPLR 3215[f]; see Knudsen v Green Mach. Landscaping, Inc., 223 AD3d at 793).
In a supporting affidavit, the plaintiff's affiant averred that the borrowers executed a consolidated note and a consolidated mortgage in August 2003, the consolidated note was modified by a loan modification agreement dated March 2, 2013, "[t]he modified principal balance was $156,793.97," and the borrowers defaulted under the terms of the consolidated note and the consolidated mortgage by failing to tender monthly payments due on March 1, 2020, and thereafter. The consolidated note and the consolidated mortgage were executed by both of the borrowers, but the loan modification agreement, purporting to modify the borrowers' obligations under the consolidated note and the consolidated mortgage, was executed approximately 10 years later by Stopanio only. The plaintiff offered no explanation for the absence of Conway's signature on the loan modification agreement despite her having been named a borrower thereunder.
Based on the foregoing, the Supreme Court was correct in determining that the plaintiff's supporting affidavit failed to set forth facts sufficient to satisfy its burden of establishing a viable cause of action to foreclose the consolidated mortgage. Thus, the court properly denied those branches of the plaintiff's motion which were for leave to enter a default judgment and for a judgment of foreclosure and sale (see Knudsen v Green Mach. Landscaping, Inc., 223 AD3d at 793).
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court