Matter of Sawwan v Farhoud (2026 NY Slip Op 00902)

Matter of Sawwan v Farhoud

2026 NY Slip Op 00902

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-05506

[*1]In the Matter of Donia Thabit Sawwan, etc., appellant, 
vAmjad T. Farhoud, respondent. (File No. 5516/21)

Abrams Fensterman, LLP, White Plains, NY (Aaron Zucker and Lisa Colosi Florio of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 77 for the judicial construction of a trust agreement, the petitioner appeals from an order of the Surrogate's Court, Kings County (Rosemarie Montalbano, J.), dated April 15, 2024. The order granted the respondent's motion to vacate his default in appearing or answering the amended petition and pursuant to CPLR 2004 for an extension of time to respond to an amended order to show cause and the amended petition to the extent of deeming the respondent's answer and cross-petition to have been served on the petitioner.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the respondent's motion to vacate his default in appearing or answering the amended petition and pursuant to CPLR 2004 for an extension of time to respond to the amended order to show cause and the amended petition is denied.
The petitioner commenced this proceeding pursuant to CPLR article 77 to resolve a dispute over whether she or the respondent, her brother, is the trustee of the Hiam Farhoud Trust, a trust established by their mother. The amended petition states that the original trust document made the respondent the trustee of the trust, while an amended trust document made the petitioner the trustee of the trust. The amended petition alleges that despite this valid change, the respondent still holds himself out as trustee of the trust, which has affected the petitioner's ability to properly manage the assets in the trust.
The petitioner filed an order to show cause, which was signed by the Surrogate's Court on October 20, 2023. The order to show cause set a return date for the petition of November 28, 2023, and directed the respondent to serve his responsive papers on or before November 17, 2023. The petitioner then filed an amended petition and an amended order to show cause, which set a return date for the amended petition of December 12, 2023. The respondent neither served papers in response to the amended petition nor appeared on the return date of the amended petition. The respondent attempted to file and serve an answer and cross-petition, but these documents were rejected by the petitioner.
Prior to attempting to serve an answer and cross-petition, the respondent moved to vacate his default in appearing or answering the amended petition and pursuant to CPLR 2004 for an extension of time to respond to the amended order to show cause and the amended petition. In so doing, the respondent stated that law office failure led to the date his responsive papers were due being miscalendared for 20 days from November 28, 2023, that is, December 18, 2023, rather than the noticed return date of December 12, 2023.
In an order dated April 15, 2024, the Surrogate's Court granted the respondent's motion to the extent of deeming the respondent's answer and cross-petition to have been served on the petitioner. The petitioner appeals.
For a defendant, or, in this case, the respondent, to obtain an extension of time to serve and file its answer under CPLR 2004, it must show that it has, in addition to a reasonable excuse for its default, a potentially meritorious defense (see Singh v Pradhan, 229 AD3d 472; National Loan Invs., L.P. v Bruno, 191 AD3d 999; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647). Where the proffered reasonable excuse is based on law office failure, that excuse must be supported by a detailed and credible explanation (see Singh v Pradhan, 229 AD3d at 473; National Loan Invs., L.P. v Bruno, 191 AD3d at 1001).
Here, the respondent's excuse of law office failure presented neither a detailed nor credible excuse for the delay. Counsel provided no reasonable basis for its office's belief that it had 20 days to file answering papers in response to the amended order to show cause or amended petition.
In light of the respondent's failure to proffer a reasonable excuse for his delay, it is not necessary to determine whether there is a potentially meritorious defense to the proceeding (see Singh v Pradhan, 229 AD3d at 473; National Loan Invs., L.P. v Bruno, 191 AD3d at 1001; Bank of Am., N.A. v Welga, 157 AD3d 753; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647).
Accordingly, the Surrogate's Court should have denied the respondent's motion, inter alia, pursuant to CPLR 2004 for an extension of time to respond to the amended order to show cause and the amended petition.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court