16501 Jamaica Ave., LLC v Hara (2020 NY Slip Op 03635)





16501 Jamaica Ave., LLC v Hara


2020 NY Slip Op 03635


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2019-05330
 (Index No. 703124/16)

[*1]16501 Jamaica Avenue, LLC, respondent,
v
Jack Hara, appellant.


Kenneth M. Lieblich, New York, NY, for appellant.
Gutman, Mintz, Baker & Sonnenfeldt LLP, New Hyde Park, NY (Michael DiGiaro of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover on a personal guaranty, the defendant appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered March 21, 2019. The order granted the plaintiff's motion for leave to amend the complaint and denied the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for leave to amend the complaint is denied, and the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint as abandoned is granted.
In March 2016, the plaintiff commenced this action, inter alia, to recover on a personal guaranty. The defendant failed to timely appear or answer the complaint. In October 2018, the plaintiff moved for leave to amend the complaint. Thereafter, the defendant cross-moved pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. In an order entered March 21, 2019, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (see HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 867; Ixis Real Estate Capital, Inc. v Herbst, 170 AD3d 691, 691-692; Myoung Ja Kim v Wilson, 150 AD3d 1019, 1020). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see HSBC Bank USA, N.A. v Slone, 174 AD3d at 867; Myoung Ja Kim v Wilson, 150 AD3d at 1020). "Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause," which requires the plaintiff to "demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; see Myoung Ja Kim v Wilson, 150 AD3d at 1020).
Here, the plaintiff failed to offer a reasonable excuse as to why it did not seek leave to enter a default judgment within one year following the defendant's default (see Myoung Ja Kim v Wilson, 150 AD3d at 1020). Accordingly, the Supreme Court should have granted the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint as abandoned and denied the plaintiff's motion for leave to amend the complaint.
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court