Bank of Am., N.A. v Martin (2020 NY Slip Op 06081)





Bank of Am., N.A. v Martin


2020 NY Slip Op 06081


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-07237
 (Index No. 28309/11)

[*1]Bank of America, N.A., etc., respondent,
v
Wilkie Martin, appellant, et al., defendants.


Michael Kennedy Karlson, New York, NY, for appellant.
Frenkel Lambert Weiss Weisman & Gordon LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Wilkie Martin appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated January 10, 2018. The order denied that defendant's motion, in effect, pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court dated September 28, 2015, to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and to enjoin the plaintiff from initiating eviction proceedings against him.
ORDERED that the order is affirmed, with costs.
In September 2011, the plaintiff commenced this action against the defendant Wilkie Martin (hereinafter the defendant), among others, to foreclose a mortgage. The defendant failed to appear or answer the complaint. In June 2014, the Supreme Court granted the plaintiff's motion for an order of reference. Thereafter, upon the plaintiff's motion, the court issued a judgment of foreclosure and sale dated September 28, 2015. In July 2017, the defendant moved, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale. In an order dated January 10, 2018, the court denied the motion. The defendant appeals.
The defendant's motion sought, among other things, vacatur of the judgment of foreclosure and sale pursuant to CPLR 5015(a)(4). "Under CPLR 5015(a)(4), a default must be vacated once a movant demonstrates lack of personal jurisdiction" (Velez v Forcelli, 125 AD3d 643, 644 [citations omitted]). "Although a party moving to vacate a default must normally demonstrate a reasonable excuse and a meritorious defense[,] the movant is relieved of that obligation when lack of personal jurisdiction is asserted as the ground for vacatur" (id. at 644 [internal quotation marks omitted]). Thus, it was erroneous for the Supreme Court to consider whether the defendant had provided a reasonable excuse for his default before considering his contention that the court lacked personal jurisdiction over him. Nevertheless, we agree with the court's determination to deny, without a hearing, that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale entered upon his failure to appear or answer.
"While [a] process server's sworn affidavit of service ordinarily constitutes prima facie evidence of proper service, where there is a sworn denial that delivery to the defendant was [*2]accomplished, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing" (Toyota Motor Credit Corp. v Hardware Lam, 93 AD3d 713, 714 [citations and internal quotation marks omitted]). "In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 998 [internal quotation marks omitted]).
Here, the defendant's allegations were insufficient to rebut the content of the process server's affidavit (see JPMorgan Chase Bank, N.A. v Daar, 161 AD3d 835, 836). The defendant did not expressly deny that service was effectuated upon him. In fact, he did not deny that he resided at the address where the process server claimed to have served him personally, and he did not suggest any other location where he might have been on the date and time of the purported service (cf. Wells Fargo Bank, N.A. v Colace, 178 AD3d 1119, 1120). Moreover, the discrepancies between the defendant's age and appearance and the description of him provided in the process server's affidavit were minor and insufficient to warrant a hearing (see JPMorgan Chase Bank v Daar, 161 AD3d at 836; JPMorgan Trust Bank, N.A. v Hoffmann, 154 AD3d 699, 700; cf. Wells Fargo Bank, NA v Spaulding, 177 AD3d 817, 819).
The defendant's remaining contentions either are without merit or need not be addressed in light of our determination.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court