Wells Fargo Bank v Aucapina (2021 NY Slip Op 02561)





Wells Fargo Bank v Aucapina


2021 NY Slip Op 02561


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2018-13892
 (Index No. 49395/09)

[*1]Wells Fargo Bank, respondent, 
v
Blanca Aucapina, etc., et al., appellants, et al., defendants.


Rosenberg & Pratt-Hewitt, LLP, Forest Hills, NY (Lindsey A. Rosenberg of counsel), for appellants.
Roach & Lin, P.C., Syosset, NY (Michael C. Manniello of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Blanca Aucapina, Jamie Aucapina, and Luis Aucapina appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated September 17, 2018. The order, insofar as appealed from, granted the plaintiff's motion to consolidate this action with an action entitled Wells Fargo Bank, N.A. v Aucapina, pending in the same court under Index No. 35482/12, for leave to enter a default judgment against those defendants, and for an order of reference, and denied those defendants' cross motion to dismiss the complaint insofar as asserted against them as abandoned pursuant to CPLR 3215(c), or in the alternative, to dismiss the complaint insofar as asserted against the defendant Luis Aucapina pursuant to CPLR 306-b on the ground that he was not served with process within 120 days of the commencement of the action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion to consolidate this action with an action entitled Wells Fargo Bank, N.A. v Aucapina, pending in the same court under Index No. 35482/12, for leave to enter a default judgment against the defendants Blanca Aucapina, Jaime Aucapina, and Luis Aucapina, and for an order of reference is denied, and that branch of those defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned is granted.
On January 16, 2008, the defendant Blanca Aucapina borrowed $557,000 from the plaintiff. The indebtedness was evidenced by a note executed by Blanca and secured by a mortgage on certain real property located in East Hampton. The mortgage was executed by Blanca as well as Jaime Aucapina and Luis Aucapina (hereinafter collectively the defendants). As of March 2009, Blanca failed to meet her payment obligations under the note and mortgage.
On December 18, 2009, the plaintiff commenced an action against the defendants to foreclose the mortgage (hereinafter the first action). The defendants never answered the complaint. The record demonstrates that Blanca and Jaime were served with the summons and complaint, but it does not reflect service upon Luis.
On November 21, 2012, the plaintiff commenced a separate action in the Supreme [*2]Court, Suffolk County, against Luis (hereinafter the second action). An affidavit of service indicates that in late November 2012, Luis was served with the summons and complaint pursuant to CPLR 308(2). Since the affidavit of service contained an incorrect index number, a subsequent affidavit of service was filed indicating that Luis was served pursuant to CPLR 308(4) in late July 2013. On October 24, 2014, the defendants, including Luis, filed a notice of appearance in the first action.
On March 13, 2017, the plaintiff moved to consolidate the two actions, for leave to enter a default judgment against the defendants, and for an order of reference, noting the defendants' default in answering. The defendants opposed the motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to take proceedings for a default judgment within one year after the default. Alternatively, the defendants cross-moved pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against Luis on the ground that the plaintiff failed to serve him within 120 days of commencing the action.
The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion, determining, inter alia, that the defendants waived their right to seek relief pursuant to CPLR 3215(c) and 306-b by filing a formal notice of appearance in the first action. The defendants appeal.
Although the Supreme Court keenly observed that the defendants had filed a notice of appearance in the first action in October 2014, it should not have, sua sponte, determined that such notice of appearance constituted a waiver of their right to seek dismissal of the complaint pursuant to CPLR 3215(c), as the parties never litigated the issue of waiver. Since that branch of the defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint had "'dispositive import'" (Rosenblatt v St. George Health & Racquet ball Assoc., LLC, 119 AD3d 45, 54, quoting Tirado v Miller, 75 AD3d 153, 160), the court should have notified the parties of the waiver issue and afforded them an opportunity to be heard prior to determining the cross motion on a ground neither side argued. "The lack of notice and opportunity to be heard implicates the fundamental issue of fairness that is the cornerstone of due process" (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 54).
The Supreme Court should have denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants and for an order of reference and granted that branch of the defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them. CPLR 3215(c) provides, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (see BAC Home Loans Servicing, L.P. v Mazza, 190 AD3d 908, 910). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308). "'Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause,' which requires the plaintiff to 'demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action'" (16501 Jamaica Ave., LLC v Hara, 185 AD3d 532, 533, quoting Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764).
Here, the record demonstrates that, in the first action, Blanca was served with the summons and complaint on February 17, 2010, pursuant to CPLR 308(1), Jaime was served with the summons and complaint in late December 2009 pursuant to CPLR 308(2), and proof of service upon Jaime was filed with the Clerk of Suffolk County on December 30, 2009. In the second action, Luis was served with the summons and complaint in late November 2012 pursuant to CPLR 308(2), and proof of service was filed with the Clerk of Suffolk County on November 30, 2012. There was no need for the plaintiff to have served Luis again in July 2013, as the typographical error on the first affidavit of service containing an incorrect digit in the index number was a mere irregularity that did not prejudice a substantial right of a party and was correctable nunc pro tunc (see CPLR 2001; JP Morgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1185).
As Blanca was served on February 17, 2010, she was required to serve an answer or make a motion having the effect of extending the time to answer within 20 days after service of the summons (see CPLR 320[a]). Jaime and Luis, having been served pursuant to CPLR 308(2), were each required to serve an answer or make a motion having the effect of extending the time to answer within 30 days after service was complete (see CPLR 320[a]). Pursuant to CPLR 308(2), service is complete 10 days after the filing of proof of service with the clerk of the court. Since Blanca did not answer the complaint or otherwise move for relief by March 9, 2010, she was in default as of that date. Since Jaime did not answer the complaint or otherwise move for relief by February 9, 2010 (30 days after service was complete), he was in default as of that date. Since Luis did not answer the complaint or otherwise move for relief by January 9, 2013, he was in default as of that date (30 days after service was complete) (see CPLR 3215[a]).
Therefore, pursuant to CPLR 3215(c), the plaintiff had until March 9, 2011, to take proceedings for entry of a default judgment against Blanca; February 8, 2011, to take such proceedings against Jaime; and January 9, 2014, to take such proceedings against Luis. However, the plaintiff did not move for an order of reference until March 13, 2017. Although the plaintiff argued before the Supreme Court, inter alia, that its participation in several court-mandated conferences from October 2014 to September 2014 demonstrated that it had no intention to abandon the actions, it failed to account for the multi-year delay in moving for an order of reference after the defendants' defaults. To the extent the plaintiff contended that its filing of a request for judicial intervention in July 2013 in the first action further showed an intention not to abandon, such filing was still well beyond the requisite one-year period as measured against the defaults by Blanca and Jaime (see Flushing Bank v Sabi, 182 AD3d 582, 584). In the second action commenced against Luis, the plaintiff did not file a request for judicial intervention until January 2016.
Under such circumstances, the plaintiff failed to offer a reasonable excuse as to why it failed to take any proceedings to enter a default judgment within one year after the defendants' respective defaults (see Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 457; 16501 Jamaica Ave., LLC v Hara, 185 AD3d at 533-534). Since the plaintiff failed to set forth a reasonable excuse, we need not consider whether it demonstrated a potentially meritorious action (see BAC Home Loans Servicing, L.P. v Bertram, 171 AD3d 994, 995-996).
For the foregoing reasons, the plaintiff's motion should have been denied in its entirety.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court