Bank of N.Y. v Dutan (2021 NY Slip Op 06668)





Bank of N.Y. v Dutan


2021 NY Slip Op 06668


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2017-11405
 (Index No. 13739/09)

[*1]Bank of New York, etc., respondent,
v
Segundo A. Dutan, appellant, et al., defendants.


Berg Law Firm, LLC, Jamaica, NY (Freddie J. Berg of counsel), for appellant.
McCabe Weisberg & Conway, LLC, New Rochelle, NY (Franklin K. Chiu of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Segundo A. Dutan appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered February 23, 2017. The order and judgment of foreclosure and sale, upon an order of the same court entered August 24, 2015, granting the plaintiff's motion to confirm a referee's report and for leave to enter a default judgement of foreclosure and sale, and denying that defendant's cross motion, among other things, pursuant to CPLR 5015(a)(3) and (4) to vacate an order of reference of the same court dated October 30, 2009, entered upon his default in appearing or answering the complaint, and thereupon pursuant to CPLR 3211(a)(2) and (8) to dismiss the complaint insofar as asserted against him for lack of subject matter and personal jurisdiction, and upon an order of the same court entered June 1, 2016, inter alia, denying that branch of that defendant's motion which was for leave to renew his opposition to the plaintiff's motion and that branch of his cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, among other things, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, so much of the order entered August 24, 2015, as granted the plaintiff's motion to confirm the referee's report and for leave to enter a default judgement of foreclosure and sale, and denied those branches of the cross motion of the defendant Segundo A. Dutan which were pursuant to CPLR 5015(a)(4) to vacate the order of reference dated October 30, 2009, entered upon his default in appearing or answering the complaint, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is vacated, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the validity of service of process upon the defendant Segundo A. Dutan, and thereafter a new determination of the plaintiff's motion and those branches of that defendant's cross motion.
In April 2003, the defendant Segundo A. Dutan (hereinafter the defendant) executed a note in the sum of $519,350, which was secured by a mortgage on certain real property in Corona. In May 2009, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. An order of reference dated October 30, 2009, was entered upon the defendant's default in appearing in the action or answering the complaint. The plaintiff later moved to confirm [*2]the referee's report and for leave to enter a default judgement of foreclosure and sale. The defendant opposed the plaintiff's motion, and cross-moved, inter alia, pursuant to CPLR 5015(a)(3) and (4) to vacate the order of reference, and thereupon pursuant to CPLR 3211(a)(2) and (8) to dismiss the complaint insofar as asserted against him for lack of subject matter and personal jurisdiction. By order entered August 24, 2015, the Supreme Court, among other things, granted the plaintiff's motion and denied those branches of the defendant's cross motion. The defendant then moved, inter alia, for leave to renew his opposition to the plaintiff's motion and that branch of his cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. By order entered June 1, 2016, the court, among other things, denied that branch of his motion. The court then entered an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendant appeals.
Pursuant to CPLR 5015(a)(4), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person, . . . upon the ground of . . . lack of jurisdiction to render the judgment or order." "Under CPLR 5015(a)(4), a default must be vacated once a movant demonstrates lack of personal jurisdiction. Although a party moving to vacate a default must normally demonstrate a reasonable excuse and a meritorious defense, the movant is relieved of that obligation when lack of personal jurisdiction is asserted as the ground for vacatur" (Bank of Am., N.A. v Martin, 187 AD3d 1108, 1109 [internal quotation marks and citations omitted]).
"Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service, but when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (Wells Fargo Bank, NA v Spaulding, 177 AD3d 817, 819 [internal quotation marks and citations omitted]; see HSBC Bank USA, N.A. v Assouline, 177 AD3d 603, 604; Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988).
Here, the affidavit of service reflects that the defendant was served pursuant to CPLR 308(2) on May 29, 2009, by delivery of the summons and complaint to a person of suitable age and discretion at the mortgaged premises, followed by the required mailing to the address of the mortgaged premises. The affidavit of service sets forth a detailed description of the person of suitable age and discretion, and states that the person of suitable age and discretion represented to the process server that the mortgaged premises was the defendant's "dwelling house."
The defendant rebutted the presumption of valid service by the submission of an affidavit in which he averred that the mortgaged premises was not his dwelling house or usual place of abode, and that his residence was located at a different specified address. He further averred that he had no knowledge of anyone being served on his behalf, and that he had not received a copy of the summons and complaint. Under these circumstances, a hearing on the issue of whether the defendant was properly served was warranted (see Wells Fargo Bank, NA v Tobing, 175 AD3d 745, 747).
The defendant's remaining contentions are without merit.
Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine the validity of service of process upon the defendant, and thereafter a new determination of the plaintiff's motion to confirm the referee's report and for leave to enter a default judgement of foreclosure and sale, and those branches of the defendant's cross motion which were pursuant to CPLR 5015(a)(4) to vacate the order of reference dated October 30, 2009, entered upon his default in appearing or answering the complaint, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court