Bank of Am., N.A. v City of New York Dept. of Hous. Preserv. & Dev. (2022 NY Slip Op 06899)

Bank of Am., N.A. v City of New York Dept. of Hous. Preserv. & Dev.

2022 NY Slip Op 06899

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2021-03241
 (Index No. 8521/08)

[*1]Bank of America, N.A., respondent, 
v
City of New York Department of Housing Preservation and Development, et al., defendants, Atanda F. Nuraina, appellant.

Dominic Sarna (Magovern & Sclafani, Mineola, NY [Frederick J. Magovern], of counsel), for appellant.
Aldridge Pite, LLP (Winston & Strawn LLP, New York, NY [Jason R. Lipkin], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Atanda F. Nuraina appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated December 28, 2020. The order denied that defendant's motion pursuant to CPLR 5015(a)(4) to vacate an order of the same court (Lawrence Knipel, J.) dated April 18, 2019, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order dated December 28, 2020, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the motion of the defendant Atanda F. Nuraina pursuant to CPLR 5015(a)(4) to vacate the order dated April 18, 2019, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
In March 2008, the plaintiff's predecessor in interest commenced this action against the defendant Atanda F. Nuraina (hereinafter the defendant), among others, to foreclose a mortgage on certain real property in Brooklyn. The defendant did not appear at that time or answer the complaint. In an order dated November 26, 2013, the Supreme Court directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) (hereinafter the order of dismissal). Six years later, the plaintiff moved, inter alia, to vacate the order of dismissal, to restore the action to active status, for leave to enter a default judgment, and for an order of reference. The court, among other things, granted the motion in an order dated April 18, 2019.
In November 2019, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the order dated April 18, 2019, and thereupon to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In support of the motion, the defendant submitted evidence contradicting the affidavit of service of the summons and complaint upon him. In opposition to the motion, the plaintiff submitted a notice of appearance, dated August 31, 2017, filed by an attorney representing the defendant, and an affidavit of mailing, sworn to January 2, 2019, averring that a copy of the plaintiff's motion, inter alia, to vacate the order of dismissal was mailed to the attorney [*2]who had filed the notice of appearance on the defendant's behalf. The plaintiff argued that the defendant should have raised the issue of personal jurisdiction at the time that he was served with the notice of the plaintiff's motion in January 2019, and had provided no excuse for his failure to oppose that motion nor set forth a meritorious defense to the motion. In reply, the defendant acknowledged that a law firm had filed a notice of appearance on his behalf, but averred that the firm had gone out of business sometime in 2018, and the defendant had not received notice of the plaintiff's motion, inter alia, to vacate the order of dismissal.
In the order appealed from, the Supreme Court, sua sponte, determined that the defendant had waived any jurisdictional defenses by filing the notice of appearance in 2017. The court further found that even if the defendant had a reasonable excuse for his failure to oppose the plaintiff's motion, he had offered no meritorious opposition to the motion. The court, therefore, denied the defendant's motion. The defendant appeals.
CPLR 5015(a)(4) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order." Unlike a motion predicated upon excusable default (see CPLR 5015[a][1]), a defendant moving pursuant to CPLR 5015(a)(4) need not demonstrate a reasonable excuse for the default or a potentially meritorious defense (see Bank of N.Y. v Dutan, 200 AD3d 636, 638; Bank of Am., N.A. v Martin, 187 AD3d 1108, 1109). Under CPLR 5015(a)(4), a default must be vacated once lack of personal jurisdiction has been established (see Bank of N.Y. v Dutan, 200 AD3d at 637; Velez v Forcelli, 125 AD3d 643, 644). Since the defendant's motion was pursuant to CPLR 5015(a)(4), the plaintiff's arguments in opposition concerning whether the defendant established a reasonable excuse for his default or a potentially meritorious defense to the plaintiff's motion were misplaced.
The filing of a notice of appearance in an action by a party's attorney may serve as a waiver of any objection to personal jurisdiction in the absence of either the service of an answer which raises a jurisdictional objection, or a motion to dismiss pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction (see U.S. Bank N.A. v Pepe, 161 AD3d 811, 812; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181-1182).
The defendant contends that the Supreme Court erred in determining that he had waived any jurisdictional defenses by the filing of the notice of appearance in 2017, a time when the complaint was deemed dismissed. He contends that in June 2017, the plaintiff moved for an order of reference, and that, in response to that motion, the defendant's attorney filed a notice of appearance and cross-moved to dismiss the complaint insofar as asserted against the defendant for lack of personal jurisdiction. The record on appeal does not contain any of the prior motions, but does contain an order dated February 20, 2018, which denied two undescribed motions without prejudice, with leave to renew if the action was restored, noting that the complaint at that time was "dismissed." In his brief, the defendant has asked this Court to take judicial notice of his 2017 cross motion, which he asserts includes a branch seeking to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a)(8) on the ground of lack of personal jurisdiction.
Although the defendant had filed a notice of appearance in the action in 2017, the Supreme Court should not have, sua sponte, determined that such notice of appearance constituted a waiver of his right to object to personal jurisdiction in the action, as the parties never litigated the issue (see Wells Fargo Bank v Aucapina, 193 AD3d 1106, 1108). "[T]he court should have notified the parties of the waiver issue and afforded them an opportunity to be heard prior to determining the [defendant's] motion on a ground neither side argued. 'The lack of notice and opportunity to be heard implicates the fundamental issue of fairness that is the cornerstone of due process'" (id., quoting Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54). The necessity of affording the parties notice and opportunity to be heard is evident here, where the defendant asserts that he did, in fact, move pursuant to CPLR 3211(a)(8) at the time of filing his notice of appearance.
While courts may take judicial notice of court records, "at any stage of the litigation, [*3]even on appeal" (Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 127), under the circumstances, we decline the request for such relief set forth in the defendant's brief and remit the matter to the Supreme Court, Kings County, to afford the parties notice and an opportunity to be heard on the issue of waiver, and for a new determination of the defendant's motion pursuant to CPLR 5015(a)(4) to vacate the order dated April 18, 2019, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court