Quicksilver Capital, LLC v Dixon Fin. Servs., LLC (2025 NY Slip Op 05545)

Quicksilver Capital, LLC v Dixon Fin. Servs., LLC

2025 NY Slip Op 05545

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-01340
 (Index No. 502363/18)

[*1]Quicksilver Capital, LLC, respondent,
v
Dixon Financial Services, LLC, et al., appellants.

Michael C. Grayson, Bolivar, Tennessee, appellant pro se.
Hodgson Russ LLP, New York, NY (Matthew K. Parker and James J. Zawodzinski, Jr., of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendants appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated February 17, 2022. The order, insofar as appealed from, denied the defendants' motion to vacate a clerk's judgment dated December 24, 2018, entered upon their failure to appear or answer the complaint, which is in favor of the plaintiff and against the defendants in the principal sum of $216,462.89 on the cause of action to recover damages for fraud, and, thereupon, to dismiss the causes of action to recover damages for breach of express warranty and fraud.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendants' motion which was to vacate the clerk's judgment dated December 24, 2018, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for an evidentiary hearing on the issue of damages on the cause of action to recover damages for fraud, with notice to the defendants, a new determination thereafter of the appropriate measure of damages on that cause of action, and the entry of an appropriate amended judgment.
The plaintiff commenced this action against the defendants, Dixon Financial Services, LLC (hereinafter DFS), and Michael C. Grayson, the principal of DFS, alleging, inter alia, breach of contract, breach of express warranty, and fraud relating to a purchase and sale agreement the plaintiff entered into with Orange Dot Dental Laboratory (hereinafter Orange Dot), a merchant referred to the plaintiff by the defendants pursuant to a vendor agreement. Neither defendant appeared in this action or answered the complaint. A default judgment was subsequently entered in favor of the plaintiff and against DFS in the principal sum of $16,800 on the breach of contract cause of action.
Thereafter, upon an inquest on the issue of damages, a clerk's judgment dated December 24, 2018 (hereinafter the December 2018 judgment), was issued in favor of the plaintiff and against the defendants in the principal sum of $216,462.89 on the fraud cause of action. Grayson then moved to vacate the December 2018 judgment and to dismiss the complaint. In an order dated [*2]October 7, 2021, the Supreme Court denied the motion on the ground that the motion was untimely and failed to provide a reasonable excuse for the default. Thereafter, Grayson moved, in effect, for leave to renew and reargue his prior motion, and, in an order dated December 16, 2021, the court denied that motion. The defendants subsequently moved to vacate the December 2018 judgment and, thereupon, to dismiss the causes of action to recover damages for breach of express warranty and fraud. The defendants argued, inter alia, that the December 2018 judgment should be vacated pursuant to CPLR 5015(a)(4) and on the ground that the damages awarded on the fraud cause of action were excessive. In an order dated February 17, 2022, the court, among other things, denied the motion. The defendants appeal.
Although the law of the case doctrine does not bind this Court and we may consider the defendants' contentions (see Kanes v Kanes, 230 AD3d 662, 664; U.S. Bank Trust, N.A. v Longo, 227 AD3d 1122, 1123), the defendants' contentions regarding vacatur pursuant to CPLR 5015(a)(4) are without merit.
"Unlike a motion predicated upon excusable default, a defendant moving pursuant to CPLR 5015(a)(4) need not demonstrate a reasonable excuse for the default or a potentially meritorious defense" (Bank of Am., N.A. v City of New York Dept. of Hous. Preserv. & Dev., 211 AD3d 661, 663 [citation omitted]; see Bank of N.Y. v Dutan, 200 AD3d 636, 637-638).
"A process server's affidavit of service constitutes prima facie evidence of proper service" (Matter of Jest Holdings, LLC v Welz, 239 AD3d 746, 748 [internal quotation marks omitted]; see U.S. Bank N.A. v Fessler, 231 AD3d 896, 898). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (U.S. Bank Trust N.A. v Lane, ____ AD3d ____, 2025 NY Slip Op 04680, *1 [internal quotation marks omitted]; see Nurhan v Harley, 237 AD3d 728, 730). "[W]hen a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted" (Matter of Jest Holdings, LLC v Welz, 239 AD3d at 748 [internal quotation marks omitted]; see PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115). "A minor discrepancy between the appearance of the person allegedly served and the description of the person served contained in the affidavit of service is generally insufficient to raise an issue of fact warranting a hearing" (Matter of Jest Holdings, LLC v Welz, 239 AD3d at 748 [internal quotation marks omitted]; see TD Bank, N.A. v Turbo Group, Inc., 226 AD3d 1058, 1059). Here, Grayson's assertion that he did not receive service of process was insufficiently substantiated to warrant a hearing (see U.S. Bank N.A. v Smith, 210 AD3d 725, 727). Further, the claimed discrepancies between the physical appearance of Grayson and the person served with process were either too minor or insufficiently substantiated to warrant a hearing (see Matter of Jest Holdings, LLC v Welz, 239 AD3d at 748; TD Bank, N.A. v Turbo Group, Inc., 226 AD3d at 1059). Accordingly, we conclude that the defendants were not entitled to vacatur of the December 2018 judgment pursuant to CPLR 5015(a)(4), albeit for reasons different than those relied upon by the Supreme Court.
With respect to the defendants' contention that the damages awarded on the fraud cause of action were excessive, this Court may consider whether excessive damages were awarded (see Uceta v Sherwood, LLC, 189 AD3d 1114, 1115; Loeffler v Glasgow, 169 AD3d 1024, 1025) even though it is not relieving the defendants of their default. "An unwarranted and excessive award after inquest will not be sustained, as to do otherwise would be tantamount to granting the plaintiffs an open season at the expense of a defaulting defendant" (Kokolis v Wallace, 202 AD3d 948, 950-951 [internal quotation marks omitted]; see Loeffler v Glasgow, 169 AD3d at 1026). In light of the evidence in the record, including that the plaintiff's claim of damages was based on a confession of judgment obtained against Orange Dot and that Orange Dot owed approximately $158,550 on the confession of judgment, there are significant questions as to whether the award of damages in the principal sum of $216,462.89 on the fraud cause of action was excessive. Accordingly, we remit the matter to the Supreme Court, Kings County, for an evidentiary hearing on the issue of damages on the cause of action to recover damages for fraud, with notice to the defendants, with a new determination thereafter on the appropriate measure of damages on that cause of action, and the entry of an appropriate amended judgment (see Loeffler v Glasgow, 169 AD3d at 1026; Quigley v Coco's [*3]Water Café, Inc., 43 AD3d 1132, 1133-1134).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court