US Bank Trust N.A. v Meyer (2025 NY Slip Op 06888)

US Bank Trust N.A. v Meyer

2025 NY Slip Op 06888

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-02298
2024-02299
 (Index No. 621645/19)

[*1]US Bank Trust National Association, etc., respondent,
v
Diane Meyer, etc., appellant, et al., defendants.

Christopher Thompson, West Islip, NY, for appellant.
Knuckles & Manfro, LLP, Tarrytown, NY (Manik J. Saini and Louis Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Diane Meyer appeals from (1) an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated December 6, 2023, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated December 6, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale and denied that branch of the cross-motion of the defendant Diane Meyer which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. The order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, that branch of the cross-motion of the defendant Diane Meyer which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned is granted, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Diane Meyer.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In October 2019, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Diane Meyer (hereinafter the defendant). The defendant failed to answer the complaint or otherwise appear in the action. On January 29, 2020, the plaintiff filed a [*2]request for judicial intervention seeking an ex parte order for permission to serve certain unknown parties by publication. The request for judicial intervention did not seek a foreclosure settlement conference (see CPLR 3408). In July 2022, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In an order dated September 29, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion.
Thereafter, the plaintiff moved, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale. The defendant cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. In an order dated December 6, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of the defendant's cross-motion. On the same date, the court issued an order and judgment of foreclosure and sale, among other things, granting the same relief to the plaintiff, confirming the referee's report, and directing the sale of the subject property. The defendant appeals.
Pursuant to CPLR 3215(c), "'[a]n action is deemed abandoned where a default has occurred and a plaintiff has failed to take proceedings for the entry of a judgment within one year thereafter'" (U.S. Bank N.A. v DiGiovanni, 231 AD3d 1077, 1078, quoting Iorizzo v Mattikow, 25 AD3d 762, 763). "'This statute is strictly construed, as [t]he language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts "shall" dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned'" (Ocwen Loan Servicing, LLC v Buonauro, 233 AD3d 972, 974 [internal quotation marks omitted], quoting U.S. Bank N.A. v Benitez, 211 AD3d 765, 766). "However, '[a] plaintiff may avoid dismissal under CPLR 3215(c) by demonstrating "sufficient cause" for why the complaint should not be dismissed'" (id., quoting U.S. Bank N.A. v Dickerson, 223 AD3d 930, 932). "To establish the sufficient cause required by CPLR 3215(c), the plaintiff must proffer a reasonable excuse for the delay in moving for leave to enter a default judgment and demonstrate that the cause of action is potentially meritorious" (U.S. Bank N.A. v Benitez, 211 AD3d at 766).
Here, the plaintiff failed to establish that it took proceedings toward the entry of a default judgment against the defendant within one year of the defendant's default (see Bank of N.Y. Mellon Trust Co. v Kyung Soon Lee, 202 AD3d 898, 899; cf. Saxon Mtge. Servs., Inc. v Reynoso, 232 AD3d 642, 643; Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983). Further, the plaintiff's proffered excuses for its failure to take proceedings toward the entry of a default judgment against the defendant within one year of the defendant's default were conclusory and unsubstantiated, and otherwise failed to account for more than one year of the plaintiff's delay (see Doe v Garfinkel, 234 AD3d 929, 931; HSBC Bank USA, N.A. v Johnson, 234 AD3d 675; Wells Fargo Bank v Aucapina, 193 AD3d 1106). Contrary to the plaintiff's contention, the defendant's "failure to move to vacate [her] default in answering the complaint or appearing in this action did not operate as a waiver of [her] right to seek dismissal of the complaint pursuant to CPLR 3215(c)" (U.S. Bank N.A. v Benitez, 211 AD3d at 767; see PennyMac Corp. v Weinberg, 203 AD3d 1061).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale and granted that branch of the defendant's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
The parties' remaining contentions need not be reached in light of our determination.
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court