U.S. Bank N.A. v Islam

2026 NY Slip Op 03015

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank National Association, etc., respondent,

v

Mohammed Manzurul Islam, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2022-05495, 2022-05496, (Index No. 10505/12)

Betsy Barros, J.P.

Barry E. Warhit

Carl J. Landicino

Laurence L. Love, JJ.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for appellant.

McCabe, Weisberg & Conway, LLC, Melville, NY (Jamie C. Krapf of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Mohammed Manzurul Islam appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 25, 2022, and (2) a judgment of foreclosure and sale of the same court also dated May 25, 2022. The order, in effect, denied that defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned and granted the plaintiff's cross-motion to vacate a conditional order of dismissal of the same court (Ingrid Joseph, J.) dated September 12, 2019, and for a judgment of foreclosure and sale. The judgment of foreclosure and sale directed the sale of the subject property.

ORDERED that the appeal from the order is dismissed; and it is further,

ORDERED that the judgment of foreclosure and sale is reversed, on the law, the motion of the defendant Mohammed Manzurul Islam pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted, that branch of the plaintiff's cross-motion which was for a judgment of foreclosure and sale is denied, and the order dated May 25, 2022, is modified accordingly; and it is further,

ORDERED that one bill of costs is awarded to the defendant Mohammed Manzurul Islam.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).

The plaintiff commenced this action in 2012 against, among others, Mohammed Manzurul Islam (hereinafter the defendant) to foreclose a mortgage on certain residential property [*2]located in Brooklyn. The defendant failed to timely answer the complaint or otherwise appear in the action. In March 2015, the plaintiff moved, among other things, for leave to enter a default judgment against the defendant and for an order of reference. By order dated June 4, 2015, the court granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff. Thereafter, in an order dated September 12, 2019, the Supreme Court conditionally directed dismissal of the complaint as abandoned.

In February 2021, the defendant moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The plaintiff cross-moved to vacate the order dated September 12, 2019, and for a judgment of foreclosure and sale. In an order dated May 25, 2022, the Supreme Court, in effect, denied the defendant's motion and granted the plaintiff's cross-motion. In a judgment of foreclosure and sale also dated May 25, 2022, the court directed the sale of the property. The defendant appeals.

CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (see US Bank N.A. v Pane, 237 AD3d 1237, 1238). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (US Bank N.A. v Pane, 237 AD3d at 1238 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 874). "To establish sufficient cause, the plaintiff must proffer a reasonable excuse for the delay in timely moving for a default judgment and . . . demonstrate that the cause of action is potentially meritorious" (US Bank N.A. v Pane, 237 AD3d at 1238 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d at 874).

The defendant, having been served pursuant to CPLR 308(2), was required to serve an answer or make a motion having the effect of extending the time to answer within 30 days after service was complete (see CPLR 320[a]; Wells Fargo Bank v Aucapina, 193 AD3d 1106, 1109). Pursuant to CPLR 308(2), service is complete 10 days after the filing of proof of service with the clerk of the court (see Wells Fargo Bank v Aucapina, 193 AD3d at 1109). Since proof of service was filed on June 7, 2012, service was complete on June 17, 2012 (see CPLR 308[2]). The defendant was required to answer the complaint or otherwise move for relief by July 17, 2012, but he did not do so and was in default as of that date (see CPLR 3215; Wells Fargo Bank v Aucapina, 193 AD3d at 1110). Thus, the plaintiff had one year from July 17, 2012, to take proceedings for the entry of judgment against the defendant (see CPLR 3215[c]; US Bank N.A. v Pane, 237 AD3d at 1239; Wells Fargo Bank v Aucapina, 193 AD3d at 1110). However, the plaintiff did not take such proceedings until over two years later, when it moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference in March 2015. Thus, the plaintiff failed to take proceedings for the entry of judgment within one year after the defendant's default. Although the plaintiff filed a request for judicial intervention requesting a foreclosure settlement conference within the one-year period after the defendant's default, a settlement conference was not required in this case because the defendant did not reside at the property subject to foreclosure (see CPLR 3408[a][1]). As such, the filing of the request for judicial intervention did not constitute the taking of proceedings for the entry of a judgment pursuant to CPLR 3215(c) and did not toll the one-year deadline to do so (see US Bank N.A. v Pane, 237 AD3d at 1239).

Moreover, the plaintiff failed demonstrate a reasonable excuse for its failure to timely take proceedings for the entry of judgment. Contrary to the plaintiff's contention, the plaintiff's change of attorney does not constitute a reasonable excuse for its delay in taking proceedings for the entry of judgment under these circumstances, and in any event, the change of attorney occurred after the statutory one year period expired (see HSBC Bank USA, N.A. v Whaley, 197 AD3d 1245, 1247-1248; HSBC Bank USA, N.A. v Lem, 194 AD3d 1027, 1029). Since the plaintiff failed to proffer a reasonable excuse for its delay, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see Chase Home Fin., LLC v Morris, 235 AD3d 827, 829; Deutsche Bank Natl. Trust Co. v Bakarey, 198 AD3d 718, 722).

Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned and denied that branch of the plaintiff's cross-motion which was for a judgment of foreclosure and sale.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court